WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ken Cheatham, Jane Doe Cheatham, | No. CV-14-00075-PHX-GMS |
| Plaintiff/Counterdefendants, | **ORDER** |
| v. | |
| Darren C. Martin, Kristine M. Martin, | |
| Defendants/Counterclaimants. | |

Pending before the Court is Plaintiff Ken Cheatham's Motion for Summary Judgment on Complaint and Counterclaim. (Doc. 56.) For the following reasons, the Motion is denied. Further, the Parties to this suit are ordered to show cause why Bank of America and/or the servicer to the Martins' loan should not be joined to this suit as necessary parties.

**BACKGROUND**

In early 2010, the Martins, Defendants to this case, failed to make the monthly mortgage payments on their home. In April 2010, they asked Cheatham to purchase the home through a short sale and allow them to reside in the home after the sale. Cheatham stated that he would contribute up to $100,000 toward the short sale price, but the Martins would need to pay anything over that amount. The Parties also agreed that the Martins would pay Cheatham a monthly payment, reside in the home after the sale, and have the opportunity to purchase the home back from Cheatham in the future.

The short sale was approved for the price of $130,000. The Parties now raise disputes about the amount of information that each disclosed to the mortgagee, Bank of

America, and to the servicer of the loan to obtain approval. Cheatham claims that the Martins failed to disclose to Bank of America and to the servicer that they were supplying $30,000 of the purchase price for the short sale, that they had other assets, and that they would be renting the home from Cheatham after the sale. The Martins concede this but claim that they did disclose to the servicer that they would be renting the home after the sale. The Martins also provide evidence that Cheatham failed to disclose to Bank of America that he was not paying the entire purchase price.

After the sale, the Martins and Cheatham entered into two separate agreements: (1) an Arizona Residential Lease Agreement and (the "Lease Agreement") (2) a Terms of House Purchase and Sale Agreement (the "Sale Agreement"). (Doc. 57, Exs. 2, 3.) Under the Lease Agreement, the Martins agreed to pay Cheatham $1250 per month, and under the Sale Agreement, these $1250 monthly payments would apply to the price that the Martins would pay to Cheatham to re-purchase the home. (*Id.*) The Sale Agreement also stated that the Martins would have the option to purchase the home within five years of the short sale and provided a specific sale price for the home. (*Id.*, Ex. 3.) Although a Contract for Deed is mentioned in the Sale Agreement, neither Party has provided evidence of any other contract being made. (*Id.*) In 2013, Cheatham learned from several sources that selling the home back to the Martins could constitute mortgage fraud and stopped accepting monthly payments from them.

On January 15, 2014, Cheatham brought the current suit seeking declaratory judgment that the Agreements were void as against public policy. (Doc. 1.) The Martins counterclaimed that the Sale Agreement was actually a Contract for Deed and that Cheatham breached this contract by refusing to accept payments. (Doc. 19.) Cheatham now moves for summary judgment on the grounds that the Agreements are void. (Doc. 56.)

**DISCUSSION**

**I.     Summary Judgment**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (original emphasis omitted) (quoting *Anderson*, 477 U.S. at 250).

Under Arizona law, "parties have the legal right to make such contracts as they desire to make, provided only that the contract shall not be for illegal purposes or against public policy." *H. Kress & Co. v. Evans*, 21 Ariz. 442, 449, 189 P. 625, 627 (1920). "Thus if the acts to be performed under the contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action, then recovery should be denied." *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transp.*, 116 Ariz. 123, 124, 568 P.2d 430, 431 (Ct. App. 1977).

In the present case, the Sale and Lease Agreements were created after the Martins and possibly Cheatham concealed information from Bank of America and/or the servicer or the Martins' loan during the short sale transaction. Any ruling on whether either Cheatham's or the Martins' actions during the creation of these Agreements were illegal or otherwise against public policy necessarily implicates the short sale. And any

determination of the validity of the Sale and Lease Contracts cannot be made in a suit that does not involve the parties to the short sale. *See Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."). Thus, Cheatham is not entitled to judgment as a matter of law that the Agreements were void as against public policy. Further, it is likely that Bank of America and the servicer to the loan are necessary parties to this case under Federal Rule of Civil Procedure 19(a), requiring their joinder.

There are two avenues for determining whether a party is "necessary" under Rule 19(a). *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). First, if complete relief cannot be afforded without the missing party, then the party is necessary. *Id.*; Fed.R.Civ.P. 19(a)(1)(A). Second, if the absent party has a "legally protected interest" in the subject of the action and if the party's absence will "impair or impede" its ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest, then the party is necessary. *Id.* The inquiry under Rule 19(a) "is a practical one and fact specific." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968)).

"The absence of 'necessary' parties may be raised by reviewing courts *sua sponte*." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991) (citing *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984); *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960)). However, this issue has not been completely developed in the Parties' briefings. Thus, the Parties are ordered to show cause why Bank of America and/or the servicer of the Martins' loan should not be joined to this suit as necessary parties under Rule 19(a).

**IT IS THEREFORE ORDERED** that Plaintiff Ken Cheatham's Motion for Summary Judgment on Complaint and Counterclaim (Doc. 56) is **DENIED**.

/ / /

- 4 -

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the date of this Order, the current Parties to this suit are directed to file briefs not to exceed ten (10) pages showing cause why Bank of America and/or the servicer to the Martins' loan should not be joined to this suit as necessary parties under Federal Rule of Civil Procedure 19(a).

**IT IS FURTHER ORDERED** that the Parties are to appear and present their positions at a Show Cause Hearing set for **March 27, 2015 at 11:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

Dated this 26th day of February, 2015.

_____
Honorable G. Murray Snow
United States District Judge